1 STEVEN M. WOODSIDE #58684
County Counsel
2 ANNE L. KECK #136315
Deputy County Counsel
3 County of Sonoma
575 Administration Drive, Room 105
4 Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
5 Fax: (707) 565-2624

6 Attorneys for Defendants the
County of Sonoma, Sonoma County
7 Sheriff's Department, and
William Cogbill, Sheriff
8

9 UNITED STATES DISTRICT COURT

10 FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA COUNTY LAW ENFORCEMENT ASSOCIATION; ED CLITES; SHAUN DU FOSSEE; GRANT JOHNSON; DOMINIC TAURIAN; and JIM WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; BILL COGBILL, Sheriff, in his individual and official capacities; and DOES 1 through 20, inclusive,<br><br>Defendant.<br>_____ / | No.   CV 08 3194<br><br>ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

Defendants the COUNTY OF SONOMA, the SONOMA COUNTY SHERIFF'S DEPARTMENT, WILLIAM COGBILL (a.k.a. Bill Cogbill), in his individual and official capacity as the Sheriff of the County of Sonoma (hereinafter collectively "Defendants"), hereby answer plaintiffs the SONOMA COUNTY LAW ENFORCEMENT ASSOCIATION, ED CLITES, SHAUN DU FOSSEE, GRANT JOHNSON, DOMINIC TAURIAN, and JIM WRIGHT'S (herein collectively "Plaintiffs") Complaint for Declaratory Judgment and Injunctive Relief (hereinafter, the "Complaint"), and admit, deny, and allege as follows:

1. Paragraph 1 of the Complaint consists of an introductory statement, which Defendants neither admit nor deny. To the extent that it purports to allege any facts, Defendants deny each and every such allegation.

2. Defendants admit that under Title 28 of the United States Codes, Section 1331, this Court has original jurisdiction over all civil actions arising under, *inter alia,* the laws of the United States. Defendants deny each and every other remaining allegation contained in Paragraph 2 of the Complaint.

3. Defendants lack sufficient information either to admit or deny the allegations contained in Paragraph 3 of the Complaint regarding the legal status of plaintiff SONOMA COUNTY LAW ENFORCEMENT ASSOCIATION (hereinafter, "SCLEA"), and on that basis deny each and every allegation contained in the first sentence of Paragraph 3 of the Complaint. As to the second sentence of Paragraph 3 of the Complaint, Defendants admit that venue is proper in this Court.

4. With respect to the first sentence of Paragraph 4 of the Complaint, Plaintiffs fail to identify the events they believe occurred in Sonoma County, California; accordingly, Defendants deny such allegations based on lack of specificity, and lack of sufficient information and belief to admit or deny such allegations. As to the second sentence of Paragraph 4 of the Complaint, Defendants admit that venue is proper in this Court.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in the first two sentences of Paragraph 6 of the Complaint. Defendants deny each and every factual allegation contained in the third sentence of Paragraph 6 of the Complaint; Defendants neither admit nor deny the remaining legal conclusions contained therein, as no reponse is required thereto.

7. Defendants admit the allegations contained in the first sentence of Paragraph 7 of the Complaint. Defendants deny the allegations contained in the second and third sentences of Paragraph 7 of the Complaint. To the extent that Paragraph 7 contains legal conclusions, Defendants neither admit nor deny such conclusions, as no response is required thereto.

8. Defendants admit the allegation contained in Paragraph 8 of the Complaint that Defendant the COUNTY OF SONOMA it is a political subdivision of the State of California. Defendants deny each and every other remaining allegation contained in Paragraph 8 of the Complaint. To the extent Paragraph 8 contains legal conclusions, Defendants neither admit nor deny such conclusions, as no response is required thereto.

9. With respect to Paragraph 9 of the Complaint, Defendants admit that Defendant the SONOMA COUNTY SHERIFF'S DEPARTMENT is an administrative subdivision of Defendant the COUNTY OF SONOMA in which the individually-named plaintiffs are employed. Defendants deny each and every other remaining allegation contained Paragraph 9 of the Complaint. To the extent Paragraph 9 contains legal conclusions, Defendants neither admit nor deny such conclusions, as no response is required thereto.

10. With respect to Paragraph 10 of the Complaint, Defendants admit that Defendant WILLIAM COGBILL is, and at all relevant time was, the duly-elected Sheriff of Defendant the COUNTY OF SONOMA, and has been sued herein in his individual and official capacities. Defendants deny each and every other remaining allegation contained Paragraph 10 of the Complaint. To the extent Paragraph 10 contains legal conclusions, Defendants neither admit nor deny such conclusions, as no response is required thereto.

11. Defendants lack sufficient information either to admit or deny the allegations contained in Paragraph 11 of the Complaint, and on that basis deny each and every allegation contained therein.

12. With respect to Paragraph 12 of the Complaint, Defendants admit that Defendant the COUNTY OF SONOMA employs approximately 236 "correctional peace officers" who have been granted peace officer status by Defendant WILLIAM COGBILL, in his capacity as the Sonoma County Sheriff, pursuant to the provisions of California Penal Code Section 830.1(c). Defendants deny each and every remaining allegations contained in Paragraph 12 of the Complaint.

Answer to Complaint for Declaratory and Injunctive Relief         96385.1

1    13.     Paragraph 13 of the Complaint solely contains a legal conclusion and purported recitation to the law; accordingly, Defendants neither admit nor deny Paragraph 13, as no response is required thereto.  To the extent that Paragraph 13 of the Complaint contains any factual allegations, Defendants deny each and every one of those allegations.

     14.     With respect to Paragraph 14 of the Complaint, Defendants admit that Defendant WILLIAM COGBILL, in his capacity as Sheriff of the County of Sonoma, issues identification cards to certain employees of the County of Sonoma designating them as "correctional peace officers" as defined in California Penal Code Section 830.1(c). Defendants deny each and every remaining allegation contained in Paragraph 14 of the Complaint.

     15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

     16.     As to Paragraph 16 of the Complaint, Defendants admit that the identification cards issued by Defendant WILLIAM COGBILL, in his capacity as Sheriff of the County of Sonoma, to certain employees of the County of Sonoma designating them as "correctional peace officers" as defined in California Penal Code Section 830.1(c), also state that the cardholder is not a "qualified law enforcement officer" pursuant to Title 18 of the United States Codes, Section 926B.  Defendants deny each and every remaining allegation contained in Paragraph 19 of the Complaint.

     17.     Paragraph 17 of the Complaint solely contains a legal conclusion and purported recitation to the law; accordingly, Defendants neither admit nor deny Paragraph 17, as no response is required thereto. To the extent that Paragraph 17 of the Complaint contains any factual allegations, Defendants deny each and every one of those allegations.

     18.     Paragraph 18 of the Complaint solely contains a legal conclusion; accordingly, Defendants neither admit nor deny Paragraph 18, as no response is required thereto.  To the extent that Paragraph 18 of the Complaint contains any factual allegations, Defendants deny each and every one of those allegations.

     19.     With respect to Paragraph 19 of the Complaint, Defendants admit that SCLEA has requested Defendant WILLIAM COGBILL, in his capacity as the Sheriff of the County

of Sonoma, to issue new identification cards to "correctional peace officers" (as defined in California Penal Code Section 830.1(c)) indicating that they fall under the definition of "qualified law enforcement officers" contained in Title 18 of the United States Codes, Section 926B.  Defendants deny each and every remaining allegation contained in Paragraph 19 of the Complaint.

20. With respect to Paragraph 20 of the Complaint, Defendants admit that Defendant WILLIAM COGBILL, in his capacity as the Sheriff of the County of Sonoma, has refused requests to issue new identification cards to "correctional peace officers"(as defined in California Penal Code Section 830.1(c)) indicating that they fall under the definition of "qualified law enforcement officers" contained in Title 18 of the United States Codes, Section 926B.  Defendants deny each and every remaining allegation contained in Paragraph 20 of the Complaint.

### FIRST CAUSE OF ACTION
[Declaratory Relief]

21. Defendants incorporate herein by reference their responses to Paragraphs 1 through 20 of the Complaint, above, as though fully set forth herein.

22. With respect to Paragraph 22 of the Complaint, Defendants admit that they disagree with the position of Plaintiffs that persons employed by the COUNTY OF SONOMA as "correctional peace officers"(as defined in California Penal Code Section 830.1(c)) fall under the definition of "qualified law enforcement officers" contained in Title 18 of the United States Codes, Section 926B.  Defendants further admit that, aside from the act of appointing these persons as "correctional peace officers" under California Penal Code Section 830.1(c), none of the Defendants have authorized such persons to carry firearms.  Defendants deny each and every remaining allegation contained in Paragraph 22 of the Complaint.  To the extent that Paragraph 22 of the Complaint contains legal conclusions, Defendants neither admit nor deny such allegations, as no response thereto is required.

23. With respect to Paragraph 23 of the Complaint, Defendants admit that Plaintiffs claim that they and other "correctional peace officers" should also be defined as

"qualified law enforcement officers" under Title 18 of the United States Codes, Section 926B. Defendants deny each and every remaining allegation contained in Paragraph 23 of the Complaint. To the extent that Paragraph 23 of the Complaint contains legal conclusions, Defendants neither admit nor deny such allegations, as no response thereto is required.

24. Defendants deny each and every allegation contained Paragraph 24 of the Complaint. To the extent Paragraph 24 contains legal conclusions, Defendants neither admit nor deny such conclusions, as no response is required thereto.

25. Paragraph 25 of the Complaint solely contains legal conclusions; accordingly, Defendants neither admit nor deny such allegations, as no response thereto is required. To the extent that Paragraph 25 of the Complaint contains any factual allegations, Defendants deny each and every one of those allegations

26. Paragraph 26 of the Complaint solely contains legal conclusions; accordingly, Defendants neither admit nor deny such allegations, as no response thereto is required. To the extent that Paragraph 26 of the Complaint contains any factual allegations, Defendants deny each and every one of those allegations

## SECOND CAUSE OF ACTION
### [Injunctive Relief]

27. Defendants incorporate herein by reference their responses to Paragraphs 1 through 26 of the Complaint, above, as though fully set forth herein.

28. Paragraph 28 of the Complaint solely contains legal conclusions; accordingly, Defendants neither admit nor deny such allegations, as no response thereto is required. To the extent that Paragraph 28 of the Complaint contains any factual allegations, Defendants deny each and every one of those allegations

29. Defendants deny each and every allegation contained in Paragraph 29 of the Complaint. To the extent that Paragraph 29 of the Complaint contains legal conclusions, Defendants neither admit nor deny such allegations, as no response thereto is required.

30. Defendants deny each and every allegation contained Paragraph 30 of the Complaint. To the extent Paragraph 30 contains legal conclusions, Defendants neither admit nor deny such conclusions, as no response is required thereto

31. Defendants deny each and every allegation contained in Paragraph 31 of the Complaint. To the extent that Paragraph 31 of the Complaint contains legal conclusions, Defendants neither admit nor deny such allegations, as no response thereto is required.

32. Defendants deny each and every allegation contained in Paragraph 32 of the Complaint. To the extent that Paragraph 32 of the Complaint contains legal conclusions, Defendants neither admit nor deny such allegations, as no response thereto is required.

## AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses to the Complaint on file herein, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Standing)

1. As a first, separate and distinct affirmative defense, Defendants allege that Plaintiffs (separately and collectively) lack standing to bring this action.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

2. As a second, separate and distinct affirmative defense, Defendants allege that Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

3. As a third, separate and distinct affirmative defense, Defendants allege that the Court lacks subject-matter jurisdiction over the relief requested in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

4. As a fourth, separate and distinct affirmative defense, Defendants allege that Plaintiffs' claims in this action are barred on the ground that they failed to exhaust their administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

5. As a fifth, separate and distinct affirmative defense, Defendants allege that Plaintiffs are estopped from obtaining the relief sought herein.

**SIXTH AFFIRMATIVE DEFENSE**

(State Actor)

6. As a sixth, separate and distinct affirmative defense, Defendants allege that Plaintiffs' requested relief against Defendant WILLIAM COGBILL in his individual and official capacities is barred due to the fact that the allegations contained in the Complaint relate to actions taken only in his official capacity as a state actor.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Name an Indispensable and/or Necessary Party)

7. As a seventh, separate and distinct affirmative defense, Defendants allege that the relief requested in Plaintiffs' Complaint is barred due to their failure to name a necessary and/or indispensable party, namely, the United States of America (or one of its authorized agencies or officers).

**EIGHTH AFFIRMATIVE DEFENSE**

(Unstated Affirmative Defenses)

8. As a eighth, separate and distinct affirmative defense, Defendants allege that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

1  WHEREFORE, these answering Defendants pray as follows:

2  1.   That the Court deny Plaintiffs' requested declaratory judgment;

3  2.   That the Court deny Plaintiffs' requested injunction;

4  3.   That the Court deny Plaintiffs' requested costs and attorney's fees;

5  4.   That the Court award Defendants their costs of suit incurred herein; and,

6  5.   For such other and further relief as the Court may deem just and proper.

7  Respectfully submitted,

8  Dated: August 19, 2008                    STEVEN M. WOODSIDE, County Counsel

10                                           By: /s/
11                                              ANNE L. KECK
                                                Deputy County Counsel
                                                Attorneys for Defendants

PROOF OF SERVICE BY MAIL

I am employed in the County of Sonoma, California; I am over the age of 18 years and not a party to the within action; my business address is 575 Administration Dr., Rm. 105A, Santa Rosa, California. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

On August 19, 2008, following ordinary business practice, I served the "ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF" on the parties in said cause, by placing on that date at my place of business, a true copy thereof, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed as follows:

>   Christopher W. Miller, Esq.
>   David D. King, Esq.
>   Mastagni, Holstedt, Amick, et al.
>   1912 "I" Street, Suite 102
>   Sacramento, CA 95811
>   Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 19, 2008, at Santa Rosa, California.

/s/
Ali Ostello